IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WARREN FULGENZI and STACY
FULGENZI,

      Plaintiffs,

vs.

                                                      Civ. No. 05-0200 MV/ACT

OCWEN FEDERAL BANK, DEUTSCHE
BANK NATIONAL TRUST COMPANY,
CHAPEL MORTGAGE SERVICES, INC.,
and FIDELITY NATIONAL TITLE
INSURANCE CO.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant General Mortgage Services, Inc.'s Motion to Remand, filed March 25, 2005, **[Doc. No. 11]**. The Court, having considered the motion, briefs, relevant law, and being otherwise fully informed, finds that the motion is well-taken and will be **GRANTED**.

## FACTUAL BACKGROUND

Plaintiffs filed a Complaint in the First Judicial District Court, Santa Fe County, New Mexico, on February 11, 2005. On the same day, Plaintiffs served Defendants Ocwen Federal Bank ("Ocwen"), Chapel Mortgage Corporation ("Chapel"), and General Mortgage Services, Inc. ("General Mortgage") by mail pursuant to Rule 1-004(E) of the New Mexico Rules of Civil Procedure. Plaintiffs personally served Defendant National Title Insurance Company ("Fidelity") on February 15, 2005.

On February 23, 2005, Ocwen removed the case to this Court. General Mortgage filed

the instant motion asserting that the fact that it did not consent to removal renders the removal procedurally defective and seeking a remand of the case back to state court. Plaintiffs do not oppose the remand.

## ANALYSIS

The removal statute, 28 U.S.C. § 1446, permits a defendant to remove a case within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading. *See* 28 U.S.C. § 1446. When there are multiple defendants, § 1446 has been construed to require that all defendants served at the time the notice of removal is filed consent to the removal. *See, e.g., Wisc. Dep't of Corr. v. Schacht*, 524 U.S. 381, 393, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998) (Kennedy, J., concurring); *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981). A defendant who is served after a case has been removed, however, may move to remand the case. *See* 28 U.S.C. § 1448 (permitting service to be perfected in federal court after a removal and noting that "[t]his section shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case.").

In this case, the parties dispute whether General Mortgage was served at the time Chapel removed the case. New Mexico's procedural rules authorize a plaintiff to mail a summons and complaint by first-class mail, postage prepaid, to the person to be served, together with (2) copies of a notice and acknowledgment and a self-addressed stamped envelope. *See* Rule 1-004(E) NMRA. The acknowledgment form contains an area for the person to be served to acknowledge receipt and return the form. *Id.* If the person to be served does not acknowledge receipt and return the form within twenty days, the plaintiff must effect service of process in person. *See* Rule 1-004(E).

Pursuant to Rule 1-004(E), Plaintiffs mailed a copy of a summons and their Complaint to

General Mortgage on February 11, 2005.  On February 23, 2005, Ocwen filed its Notice of Removal.  On February 25, 2005, General Mortgage executed a receipt of the notice, accepting service by mail.

Ocwen contends that General Mortgage, who had not accepted service by mail at the time Ocwen's Notice of Removal was filed, was not a served defendant and, therefore, General Mortgage's consent was not required to effectuate the removal.  General Mortgage, on the other hand, contends that once service is accepted by mail, the date of service is the date the complaint and summons were mailed and not the date the defendant accepted service.  The Court need not decide the date service is effective under New Mexico rules because under either position, this case is subject to remand.

If General Mortgage is considered served as of the date the summons and complaint were mailed, General Mortgage's refusal to consent to the removal renders the removal procedurally defective.  If, on the other hand, General Mortgage is considered served the date it signed the notice accepting service by mail, then General Mortgage is entitled to have the case remanded under § 1448.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant General Mortgage Services, Inc.'s Motion to Remand, filed March 25, 2005, **[Doc. No. 11]**, is hereby **GRANTED**.  This matter is

hereby remanded to the First Judicial District Court, Santa Fe County, New Mexico. The parties shall bear their own costs and expenses.

Dated this 8th day of June, 2005.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE